IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE ALEXANDER PRINDABLE, #462931, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 21-cv-00527-JPG<br>) |
| SGT. CHAMBERS,<br>C/O SABO,<br>RICHARD WATSON,<br>and CITY OF BELLEVILLE, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Luke Prindable, an inmate at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. (Doc. 1). In the Complaint, Plaintiff claims that important legal documents and evidence were taken from his cell during a shakedown conducted by Officer Sabo at the direction of Sergeant Chambers on or around May 11, 2021. (*Id*. at 6). The documents pertained to a lawsuit Plaintiff filed against Jail officials, including Sergeant Chambers. Plaintiff maintains that Officer Sabo took these documents in order to sabotage his case. (*Id*.). He seeks monetary relief. (*Id*. at 7).

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## Discussion

Based on these allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

> **Count 1:** Defendants retaliated against Plaintiff for filing a lawsuit against officials at the Jail by confiscating legal documents and evidence during a cell shakedown on or around May 11, 2021, in order to thwart his litigation against Jail officials and in violation of his rights under the First Amendment.
>
> **Count 2:** Defendants denied Plaintiff access to the Courts when they confiscated important legal documents and evidence during a cell shakedown on or around May 11, 2021, in violation of his rights under the First Amendment.
>
> **Count 3**: Defendants are liable to Plaintiff under the FTCA for interfering with his access to the courts in retaliation for filing suits against Jail officials.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Count 1

Prison officials may not retaliate against an inmate for exercising his First Amendment rights or for complaining about the conditions of his confinement. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). In order to pursue a claim of retaliation, a plaintiff must set forth allegations showing that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Construed liberally, the allegations articulate a retaliation claim against Officer Sabo and Sergeant Chambers. Accordingly, Count 1 shall proceed against both defendants in their individual capacities.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The City of Belleville and Richard Watson are not mentioned in connection with this claim, and they cannot be held liable for the misconduct of a subordinate under a theory of *respondeat superior* liability. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (local governments not "persons" under § 1983 and cannot be held liable under theory of *respondeat superior*). *See also Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988) ("Mere supervisory status is not sufficient to establish personal liability under § 1983."). Therefore, Count 1 shall be dismissed without prejudice against both defendants for failure to state a claim for relief.

### Count 2

A plaintiff claiming that officials interfered with his access to the courts must put forth allegations in a complaint showing: "the identification of the underlying claim that was lost; the description of 'the official acts frustrating the litigation;' and the identification of a 'remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.'" *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  Plaintiff does not identify any claim that was lost due to a defendant's interference with his access to the courts, and he does not seek a remedy that is otherwise unavailable.  Count 2 shall therefore be dismissed without prejudice for failure to state a claim for relief.

### Count 3

The Federal Tort Claims Act provides jurisdiction for suits against the United States for the misconduct of federal officials.  *See* 28 U.S.C. § 1346(b)(1).  Plaintiff did not name the United States as a defendant.  He also mentions no misconduct of federal officials.  Count 3 shall therefore be dismissed with prejudice for failure to state a claim for relief against any defendants.

**Pending Motions**

A.     **Motion for Recruitment of Counsel (Doc. 2)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED** without prejudice. An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel).

Plaintiff admits that he made no effort to find an attorney on his own before asking the Court to help him. When asked to describe his efforts to locate counsel, Plaintiff states, "I'm waiting to be assigned one." (*Id*. at 1). Plaintiff should contact at least three attorneys or law firms and request assistance with this case. If his requests for representation *in this case* are denied by all of them, Plaintiff may file a new motion for recruitment of counsel. He should attach copies of all letters/responses he sent/received in connection with his attorney search. Alternatively, he may submit a list of the names of attorneys/firms contacted, the dates of all contacts, and the responses he received as an exhibit to his renewed motion.

In the meantime, Plaintiff is competently representing himself in this case. His original complaint is coherent, and it articulates a retaliation claim that survives screening. His other motions and documents filed to date in this case are similarly well-organized, coherent, and timely. He also has extensive experience litigating cases in this district. Recruitment of counsel is not necessary at this time.

As the case progresses, Plaintiff may renew his request by filing a new motion, if and when he deems it appropriate.

**B.     Motion for Copies (Doc. 25)**

The Motion for Copies is **GRANTED in part** and **DENIED in part**. Plaintiff's request for a courtesy copy of his complaint is **GRANTED**. However, his requests for a wellness check for suspected food contamination and for vegetables with his meals are **DENIED** as being unrelated to the claims asserted or relief sought in this case. *See Oswald v. Dep't of Corr.*, 17-CV-1437-PP, 2018 WL 4623583, at *2 (E.D. Wis. Sept. 26, 2018) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331346, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint)). Plaintiff may file a motion for preliminary injunctive relief in the lawsuit where he raises these claims, or he may bring a new lawsuit to address these claims in the first instance.

## Disposition

**IT IS ORDERED** that the Complaint (Docs. 1) survives screening, as follows: **COUNT 1** will proceed against Defendants **C/O SABO** and **SERGEANT CHAMBERS**.

**IT IS ORDERED** that **COUNT 1** against Defendants **CITY OF BELLEVLLE** and **RICHARD WATSON** is **DIMISSED** without prejudice; **COUNT 2** against **ALL DEFENDANTS** is **DISMISSED** without prejudice; and **COUNT 3** against **ALL DEFENDANTS** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted.

The Clerk's Office is **DIRECTED** to **TERMINATE** the **CITY OF BELLEVILLE** and **RICHARD WATSON** as parties to this action in CM/ECF and **SEND** a courtesy copy of the Complaint (Doc. 1) to Plaintiff for his records.

The Clerk of Court shall prepare for **C/O SABO** and **SERGEANT CHAMBERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Docs. 1), and this Memorandum and Order to each Defendant's place of employment. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 10/6/2021**

**s/J. Phil Gilbert**
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.